**BUDGET MARKETING, INC., Appellant,**

v.

**CENTRONICS CORPORATION,
Appellee.**

**No. 92–1110.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Nov. 23, 1992.

Mark E. Schantz, Des Moines, Iowa, argued (John R. Mackaman, Mark E. Schantz and Gayla R. Harrison, on the brief), for appellant.

Wade R. Hauser III, Des Moines, Iowa, argued (H. Richard Smith and Wade R. Hauser III, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

This action arises out of the breakdown in negotiations for the purchase of Budget Marketing, Inc., by Centronics Corporation. Budget Marketing's complaint included claims of breach of implied duty to negotiate in good faith, promissory estoppel, and negligent misrepresentation. Initially, the

District Court[1] granted Centronics' motion for summary judgment and dismissed the complaint. On appeal, we affirmed as to the duty-to-negotiate and negligent-misrepresentation claims but held that triable issues, sufficient to survive a summary-judgment motion, remained with respect to Budget Marketing's promissory-estoppel claim. *Budget Marketing, Inc. v. Centronics Corp.*, 927 F.2d 421 (8th Cir.1991).

On remand, the case was submitted to a jury, which returned answers to special interrogatories. The jury found, among other things, that Centronics had made a definite assurance to Budget Marketing that the merger would take place, and that this assurance was in the form of a handshake occurring in February of 1987. App. 69. The jury further found that Budget Marketing had relied upon this assurance to its detriment. Damages in the amount of $131,450, representing the sum of various elements of reliance damages, were awarded. After trial, however, the District Court entered judgment for the defendant Centronics. The Court held, among other things, that Centronics was entitled to judgment notwithstanding the answers of the jury because, as a matter of law, all of the expenditures allegedly incurred in reliance on Centronics' assurance took place at a time when such reliance was unreasonable, because by that time the informal assurance had been superseded by a written letter of intent specifically stating that it created no legal obligation to consummate the merger.

We affirm. The parties urge a number of interesting contentions, including some under the Seventh Amendment, about the relationship of the jury's findings to the later action by the District Court. We assume for present purposes, as Budget Marketing argues, that it was not proper for the Court, after receiving the jury's answers, to make additional findings of fact, and that the answers of the jury, to the extent that they were supported by the evidence, were binding on the Court and the parties. We agree with the District Court, nonetheless, that under the circumstances of this case the jury's answers cannot support a judgment for Budget Marketing.

As we explained on the previous appeal, Budget Marketing could recover by showing substantial expenditures in reasonable reliance on oral assurances by Centronics that the deal would be consummated. We specifically listed five such assurances that Budget Marketing was claiming, all of them occurring in or after June of 1987, and, thus, after the May 26, 1987, execution of the letter of intent disclaiming the creation of a legal obligation to consummate the merger. See *Budget Marketing, Inc. v. Centronics Corp., supra*, 927 F.2d at 426–27 n. 5. If the jury had found such assurances, they could reasonably be taken to supersede the disclaimer provisions of the letter of intent, and expenditures incurred in reliance on them would be reasonable. Here, however, the only agreement or assurance found by the jury was described in its own answer as a "Feb. handshake," the reference being to February 1987. (We put to one side as irrelevant the fact that there was no evidence of a handshake in February: the only handshake occurred in April, right before the letter of intent was drafted.)

Assuming that there was such a definite agreement or assurance in February, or even in April, expenses incurred in reliance on it would be recoverable on a promissory-estoppel theory, but only if no event intervened making such expenditures unreasonable. Here, such an event did intervene: the signing of a letter of intent specifically disclaiming enforceability of the merger agreement. Moreover, none of the expenditures claimed as elements of damage took place before execution of the letter of intent. If they had done so, Budget Marketing would have a viable theory. But all of the expenditures took place after the letter of intent was signed, at which point it could not have been reasonable for

---

1. The Hon. Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

Budget Marketing still to be relying on an informal assurance or agreement that predated the letter of intent. Budget Marketing's reply brief, pp. 8–9, observes that the answer "Feb. handshake" came in reply to a last-minute addition by the trial court to the special verdict form. This is irrelevant. Budget Marketing did not object to this addition. We are faced with a clear specification by the jury that the agreement or assurance found by it took place in February of 1987.

There was evidence from which the jury could have found later assurances or agreements, occurring after the execution of the letter of intent, but the jury made no such finding, and the record is not sufficiently clear to enable us to say that such a finding was compelled. Budget Marketing insists that at trial it made clear that it was relying upon post-letter-of-intent assurances and claiming damages incurred for the period after those assurances. The argument is unavailing. No such assurances were found by the jury. The only assurance it did find was superseded by the letter of intent before any of the expenditures claimed as elements of damages were incurred.

■ Accordingly, we agree with the District Court that Centronics was entitled to judgment as a matter of law. There is no inconsistency between this conclusion and the statement in our prior opinion that, on the basis of papers submitted in connection with the motion for summary judgment, Budget Marketing had shown a triable issue of promissory estoppel. That statement necessarily assumed that the jury would believe Budget Marketing's contentions of post-letter-of-intent assurances, followed by expenditures in reliance on them. This did not happen.

Affirmed.